The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission adopts the findings of fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, the plaintiff was a 54-year old high school graduate who had been employed with defendant-employer for approximately 11 years. Plaintiffs job duties included installing coke machines.
2. On May 5, 1998, plaintiff suffered a compensable injury by accident in the course and scope of his employment when a coke machine fell on him striking his left thigh and resulting in an injury to his left ankle.
3. Plaintiff first presented to the emergency room on May 5, 1998, where he was given pain medication and placed in a left knee embolizer. Plaintiff was referred to Dr. Lenora Viscardi, who conservatively treated plaintiff for leg pain from June 9, 1998, to June 22, 1998. When plaintiffs pain complaints continued, he was referred to Triangle Orthopedics.
4. On June 30, 1998, plaintiff presented to Dr. Peter W. Gilmer where he complained of persistent pain proximal to the left knee. Dr. Gilmer diagnosed plaintiff with a deep contusion to the left thigh, kept him out of work, and stated that plaintiff might need job modification due to his pain and weakness.
5. Plaintiff continued to treat with Dr. Gilmer for the next several months and made slow continual improvement with the assistance of physical therapy. On November 10, 1998 Dr. Gilmer referred plaintiff for a functional capacity evaluation (FCE).
6. Plaintiffs FCE revealed that plaintiff could work in the medium physical demand capacity but that his current functional capabilities did not match his previous job task demands.
7. On December 1, 1998, Dr. Gilmer found plaintiff to be at maximum medical improvement and gave him a seven percent permanent impairment rating to his left leg based upon the injury and residual weakness.
8. On December 7, 1998, defendant-employer supplied Dr. Gilmer with a job description for a filler operator position which was available. Dr. Gilmer approved this position with the modification that plaintiff be required to lift only up to sixty pounds occasionally.
9. At the hearing before the Deputy Commissioner, Thomas W. Gentry, defendant-employers Human Resource Director testified regarding the filler operator position. In fact, the filler operator position was modified several years ago by an update of the production line. The position actually only requires lifting of twenty-five pounds occasionally. Furthermore, the majority of the job duties could be performed sitting on a rolling stool and defendant-employer had another employee who performed the job in this fashion.
10. The filler operator job is a position available in the competitive market place. This position would have paid plaintiff an average weekly wage comparable to his pre-injury average weekly wage.
11. On December 11, 1998, defendant-employer offered plaintiff the position as a filler operator.
12. As of at least December 11, 1998, when the filler operator job was offered to plaintiff by defendant-employer, plaintiff was at maximum medical improvement.
13. Plaintiff never attempted the filler operator position.
14. Defendant-employer kept the position open for plaintiff for some time, but ultimately had to fill the position.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff reached maximum medical improvement and was able capable of returning to work by December 11, 1998 and earning the same or greater wages. N.C. Gen. Stat. 97-31 and 97-29.
2. Since the filler operator job was approved by plaintiffs treating physician as within his restrictions and was available in the marketplace, it was suitable employment and not "make work.Peoples v. Cone Mills Corp., 316 N.C. 426, 342 S.E.2d 798
(1986); N.C. Gen. Stat. 97-32.
3. Plaintiff unjustifiably refused this suitable employment which was available in the marketplace and within his physical capabilities. N.C. Gen. Stat. 97-32.
4. As a result of plaintiffs unjustified refusal of suitable employment, defendants are entitled to suspend plaintiffs benefits beginning December 1, 1998. N.C. Gen. Stat. 97-32.
5. Defendants are entitled to a credit for any payments made to plaintiff beginning December 11, 1998 and continuing during his refusal, and may assert this credit against any claims for permanent partial disability made by plaintiff. N.C. Gen. Stat.97-42.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Since defendants are entitled to a credit for any payments made to plaintiff subsequent to December 11, 1998, defendants may assert this credit against any claims for permanent partial disability made by plaintiff.
2. Defendants shall pay an expert witness fee in the amount of $235.00 to Dr. Gilmer.
3. Defendants shall pay the costs.
This the ___ day of September 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DCS/nwg